JaVonne M. Phillips, Esq., SBN 187474
Charles M. Standard, Esq., SBN 160720
**McCarthy & Holthus, LLP**
1770 Fourth Avenue
San Diego, CA 92101
Phone (619) 685-4800 Ext. 3768
Fax (619) 685-4810

Attorney for: Secured Creditor,
EMC Mortgage Corporation as servicing agent for Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for certificateholders of Bear Stearns Asset Backed Securities Trust 2005-3, Asset-Backed Certificates, Series 2005-3, assigns and/or successors

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re: | ) Case No. 09-71561 T |
| | ) |
| Nicole Christina McConville, | ) Chapter 7 |
| | ) |
| | ) RS No. CMS-4942 |
| | ) |
| | ) **MOTION FOR RELIEF FROM** |
| Debtor. | ) **AUTOMATIC STAY** |
| | ) |
| | ) Date: 03/05/2010 |
| | ) Time: 11:00AM |
| | ) Ctrm: 201 |
| | ) Place: 1300 Clay Street |
| | )         Oakland, CA |

Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for certificateholders of Bear Stearns Asset Backed Securities Trust 2005-3, Asset-Backed Certificates, Series 2005-3, assigns and/or successors in interest ("Secured Creditor" or "Movant" herein), moves this Court for an Order Terminating the Automatic Stay of 11 U.S.C. § 362 as to moving party (and the Trustee under the Deed of Trust securing moving

party's claim) so that moving party and its Trustee may commence and continue all acts necessary to foreclose under the Deed of Trust secured by the Debtor's property, commonly known as 658 - 660 25th Street, Oakland, CA 94612, ("Property" herein).

The current value of the Debtor's subject Property is $422,000.00 based upon the Debtor's own value as set forth in **Exhibit "2"**. In the present case, the Debtor has no equity in the Property, as evidenced by the approximate market value compared to the total liens against the Property, principally that of Secured Creditor herein and the other liens as noted in this Motion.

| | |
|---|---|
| Value | $ 422,000.00 |
| Total Liens to Secured Creditor | $ 519,386.90 |
| Equity | $ (97,386.90) |

Further, Debtor intends to *surrender* the subject property as set forth in Debtor's Statement of Intention. **See Exhibit "3"**.

Based on the foregoing, Secured Creditor alleges that there is no equity in the subject Property, the subject Property is not necessary for an effective reorganization, and Secured Creditor is not adequately protected. Secured Creditor is not receiving regular monthly payments, and is unfairly delayed from proceeding with the foreclosure of the subject Property. Accordingly, relief from the automatic stay should be granted to Secured Creditor pursuant to 11 U.S.C. § 362(d)(1) and (2).

WHEREFORE, Secured Creditor prays for judgment as follows:

1. For an Order granting relief from the automatic stay, permitting Secured Creditor to proceed with the foreclosure under Secured Creditor's Deed of Trust, and to sell the subject Property at a trustee's sale under the terms of the Deed of Trust to proceed with any and all post foreclosure sale remedies, including the unlawful detainer action or any other action necessary to obtain possession of the Property.
2. For an Order that the fourteen day stay described by Bankruptcy Rule 4001(a)(3) be waived.

2  File No. CA-10-19638
Motion for Relief from Automatic Stay, Case No.09-71561 T
Case: 09-71561   Doc# 27   Filed: 02/04/10   Entered: 02/04/10 11:27:30   Page 2 of 3

3. For an Order modifying the automatic stay to protect Secured Creditor's interest, as the Court deems proper.

4. For attorneys' fees and costs incurred herein.

5. For such other relief as the Court deems proper.

6. The Moving Party, at its option, may offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement as allowed by state law. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

Dated: February 4, 2010                McCarthy & Holthus, LLP

By: __/s/ Charles M. Standard_____
Charles M. Standard, Esq.
Attorneys for Secured Creditor
Bank of America, National Association as successor by merger to LaSalle Bank National Association, as Trustee for certificateholders of Bear Stearns Asset Backed Securities Trust 2005-3, Asset-Backed Certificates, Series 2005-3